## SOPHIA C. NEWMAN

### v.

## WELLS WILLITTS.

1. HOMESTEAD—*only exempt to the extent of* $1000. Where the land occupied by a defendant in execution is worth more than $1000, he is not entitled to have the whole of it set off to him.

2. Where 40 acres of land were levied on under execution, and claimed by the defendant as exempt, and the sheriff summoned six householders, who set off a portion of the same, including the dwelling house, out houses, barn, spring and garden, worth fully $1000, in conformity to the provisions of the statute, this was all the defendant was entitled to, and the sheriff was authorized to sell the residue of the land under the execution.

3. SAME—*how set off to defendant in execution.* An execution was levied on land occupied by defendant as a homestead, and the officer made return to that effect, and also returned the affidavit of six persons, naming them, in which they described themselves as householders and residents of the county where the land was situated, and stated that they had been summoned by the sheriff to appraise and set off the homestead of the defendant in the execution in and upon the land, and taken the oath required in such cases. These persons set off to defendant in execution a portion of the land, embracing the dwelling house, barn, orchard, garden, etc., worth fully $1000: *Held,* that the homestead was set off in conformity with the statute.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. B. C. TALLIAFERRO, for the plaintiff in error.

Messrs. PEPPER & WILSON, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is a writ of error to the Mercer circuit court, to bring up the record of the proceedings in an action of forcible entry and detainer, heard in that court on an appeal from a justice of the peace, in which action Wells Willitts was plaintiff and Sophia C. Newman was defendant.

· A jury being waived, the court tried the issue between the parties, and found for the plaintiff.

There is nothing in the points made by plaintiff in error. The decree of the circuit court in favor of defendant against plaintiff, found that Mrs. Newman had a life estate in certain lands (describing them), and decreed that the judgment in favor of defendant against her be revived, and that execution issue thereon, and that the sheriff should cause to be set off to plaintiff in error her homestead, out of the described lands, and that he sell the remainder to satisfy the judgment.

Defendant in error, the party plaintiff in this decree, after the entry of the same, sued out an execution against plaintiff in error, and placed the same in the hands of the sheriff of the county, to be executed. The sheriff levied the writ on the lands described in the decree, and so returned, and, at the same time, made return of the affidavit of six persons, naming them, and describing themselves as householders and citizens of Mercer county, and reciting therein that they had been summoned by the sheriff to appraise and set off the homestead of plaintiff, in and upon said lands, and made the oath required in such cases.

It would appear, the portion set off to plaintiff was. ten acres, embracing the dwelling house, barn, out houses, spring and garden, and twenty acres adjoining, embracing the orchard, all lying in a compact body, and worth fully $1000, and making a very comfortable home. The balance of the land was sold by the sheriff to defendant, and after the time of redemption expired, he received the sheriff's deed therefor.

A demand for possession of these lands being refused, this action was brought.

The homestead was set off, for aught we can see, in conformity with the statute, and complaint of plaintiff, that the whole forty acre tract was not given to her, has no foundation. She has a homestead worth one thousand dollars and more, and thus has the demand of the law been satisfied. It is stipulated, the entire forty acres were worth more than one

thousand dollars, consequently she was not entitled to them as a whole.

We perceive no error in the record, and affirm the judgment of the circuit court.

*Judgment affirmed.*